**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARVIN APARICIO-BARRERA, | No. 07-70699 |
| Petitioner, | Agency No. A098-211-763 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Jose Marvin Aparicio-Barrera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review findings of fact for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012 (9th Cir. 2003), and review claims of due process violations de novo, *Colemenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).  We deny the petition for review.

Substantial evidence supports the agency's determination that Aparicio-Barrera is ineligible for asylum and withholding of removal because Aparicio-Barrera's status as a victim of gang violence is not a protected ground.  *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009).  Accordingly, Aparicio-Barrera's asylum and withholding of removal claims fail.

Aparicio-Barrera failed to brief this court on CAT relief and has therefore waived this issue.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

We reject Aparicio-Barrera's due process claim because the IJ gave him at least three opportunities at the merits hearing to supplement the information in his asylum application and he declined to meaningfully do so.  *Cf. Jacinto v. INS*, 208 F.3d 725, 727-28 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**